tive requisite for its consideration. C. C. P. art. 760; Rev. Stat., 1925, art. 2243.

In the present instance, the statement of facts before this court does not bear any certificate of approval of the trial judge; nor does it appear in any authentic manner that it was ever presented to the trial judge for approval. According to the averments of the motion, the clerk of the district court was made the agent of the appellant to present the statement of facts to the trial judge for his approval. We gather from the facts presented here that it was never presented to the trial judge, but was by some one sent to the Court of Criminal Appeals without the signature of the trial judge or his approval. From the motion filed here, it appears that when inquiry was made of the clerk with reference to the statement of facts, counsel learned that it had already been forwarded to the Court of Criminal Appeals. According to the file mark, the statement reached the Court of Criminal Appeals on October 31, 1929, which was 9 or 10 days after the expiration of the 90 days allowed within which to file the statement of facts in the trial court. On the facts developed by the record, it is manifest that this court has no authority to consider the statement of facts.

Of the first bill of exceptions disposition was made upon the original hearing.

In the second bill complaint is made of the refusal of the court to continue the case on account of the absence of witnesses. Without knowledge of the testimony that was heard upon the trial, the merits of the bill cannot be appraised.

Bills Nos. 3, 4, 5, 6, 8, 9, 10, and 11 deal with the rulings of the court with reference to the reception of evidence. The absence of the statement of facts renders it impossible for this court to determine that in his rulings the trial court was in error, and, in the absence of matters in the record from which error can be ascertained, the presumption of the correctness of the court's ruling must prevail.

No error is shown in bill No. 7 complaining of the refusal of a special charge, in substance, that to convict one of the defendants it was not necessary to convict the other, as paragraph 3 of the court's charge embraces such an instruction.

That this court is without discretion to consider the statement of facts is a subject of regret.

The motion for rehearing is overruled.

On Request for Leave to File Second Motion for Rehearing.

HAWKINS, J.

Appellant seems to have misunderstood our reason for declining to consider the statement of facts. When it was left with the clerk to be presented to the judge for his approval, the clerk became appellant's agent, and any negligence of the agent would be chargeable to the principal. According to the showing made here, no further inquiry about the matter occurred until after the expiration of the 90 days. It is apparent that when inquiry was made the record had been forwarded to this court, which was not done until several days after the 90 days had expired. Any inquiry made within the 90 days would have disclosed that the statement of facts had not been approved. Under the circumstances, we cannot hold that proper diligence had been exercised, or that the failure to secure the trial judge's approval was not due to negligence chargeable to appellant or his counsel.

The request for leave to file second motion for rehearing is refused.

## GLEBER v. STATE.
### No. 13494.

Court of Criminal Appeals of Texas.
May 7, 1930.

David E. O'Fiel and R. C. Roland, both of Beaumont, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J.

The offense is theft of property over the value of $50; the punishment, confinement in the penitentiary for two years.

The record is before us without a statement of facts or bills of exception. No question is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.